UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN SCHMUDE,

    Plaintiff,

v.                                                                                           Case No. 07-C-457

TRICAM INDUSTRIES, INC., et al.,

    Defendants.

**ORDER**

Plaintiff filed a motion under Civil Local Rule 7.4 seeking an order quashing a videotaped trial deposition scheduled for January 17. The plaintiff concedes that the motion really seeks resolution of a scheduling dispute rather than a substantive one: the parties agreed that Dr. Steven Weiss, defendants' medical expert, would be deposed for discovery purposes on January 17, 2008, and the plaintiff complains that the defendants also scheduled Dr. Weiss to testify in a videotaped *trial* deposition later that same day. As such, the plaintiff believes he will not have sufficient time to prepare for the trial testimony of what he believes is an important witness.

Although the federal rules draw no express distinction between discovery depositions and those intended for use at trial, plaintiff's request finds some support in the comments to Rule 26(b)(4). The rule explicitly provides that "[a] party may depose any person who has been identified as an expert whose opinion may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). The Fifth Circuit has observed that in the comment to this subdivision "the drafters recognized that effective cross-examination of an expert witness requires advanced preparation, especially in cases

which present intricate and difficult issues as to which expert testimony is likely to be determinative." *Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 552 (5th Cir. 2000) (citing Fed.R.Civ.P. 26 cmt. Subdivision (b)(4)-Trial Preparation: Experts). Here, it appears, defendants do not challenge plaintiff's right to conduct a discovery deposition before they depose their expert for use at trial; the issue is whether they must delay their deposition to another day.

The defendants note that Dr. Weiss has already submitted some three expert reports in this matter and that counsel for plaintiff has indicated that the scope of his questioning during the discovery deposition will actually be quite limited. Thus, it is unclear – given the limited nature of the discovery deposition and the information already known to all parties – why the plaintiff would need a significant amount of time following the deposition in order to prepare for the trial deposition. Without more, I am unconvinced that the taking of a trial deposition soon after a discovery deposition would be unfair to the plaintiff under these circumstances.

If new information emerges in the course of the discovery deposition, plaintiff may renew his request that defendants delay their trial deposition, and if defendants refuse, he may request partial or complete exclusion of the deposition at trial. Defendants may choose to delay their trial deposition for another day simply to avoid the risk of such a request being granted. But on the record as it now stands, I am satisfied that as long as counsel for plaintiff is allowed an appropriate break (30-45 minutes, if requested) between completion of his discovery deposition and the commencement of the deposition for use at trial, the scheduled depositions of Dr. Weiss may proceed on January 17. There has been no showing that the plaintiff must be allowed a certain number of days in order to assimilate the testimony he gleans from Dr. Weiss' deposition.

2

Given the degree of disclosure of Dr. Weiss' opinions that has already been made and the potential savings of time and effort to both counsel and the witness that can be achieved by avoiding the need to prepare for a second deposition at some future date, the desire on defendants' part to conduct their deposition for use at trial on the same day as plaintiff completes his is reasonable. Accordingly, I will not order the deposition to be rescheduled, and the motion to quash is **DENIED**.

**SO ORDERED** this   7th   day of January, 2008.

  s/ William C. Griesbach
William C. Griesbach
United States District Judge